1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. YOUNG,

        Plaintiff,

   v.

COUNTY OF SAN MATEO,

        Defendant.

_____/

No. C 03-05801 CRB

**MEMORANDUM AND ORDER**

     In this section 1983 action plaintiff challenges San Mateo's adoption of an ordinance regulating bed and breakfast establishments. The Court previously dismissed some of the claims, but denied defendant's motion to dismiss as to others. Now pending before the Court is defendant's motion for summary judgment on the remaining claims.

**Factual Background**

     In 1999, plaintiff purchased residential property at 1201 West Selby Lane, Redwood City, California ("the property"), located outside the Coastal Zone in the unincorporated section of defendant San Mateo County ("defendant"). The property is in an area designated as "R-1" (residential single-family homes) under local zoning ordinances. On or about August 24, 2000, plaintiff applied for a building permit for construction of a bed and breakfast. In so doing, plaintiff claims to have relied on defendant's pamphlets and ordinances which stated that for locations outside the Coastal Zone, no use permit or license

is required to construct a bed and breakfast, and that so long as an R-1 single family home retains the appearance of a single family dwelling and satisfies parking requirements, an owner may rent five or fewer rooms short term in their own home and provide meals for guests.

From March 7, 2002, to November 5, 2002, plaintiff was issued her demolition, building, and sewer permits.

On December 11, 2003, plaintiff was asked to appear at a San Mateo County Planning Department meeting to discuss neighbor concerns about plaintiff's bed and breakfast, which was expected to open within two to four weeks. At the meeting, defendant presented plaintiff with a proposed "Urgency Interim Ordinance" that in application modified the existing zoning laws and impacted only plaintiff's property. Defendant's findings in relation to the ordinance declared that as a result of analysis of 1201 West Selby Lane, the potential threat to neighborhood character by bed and breakfasts warranted modification of county zoning restrictions.

On December 16, 2003, the San Mateo County Board of Supervisors voted to adopt the Urgency Interim Ordinance, which in effect placed additional restrictions on plaintiff's ability to operate her bed and breakfast. The Ordinance's "Findings and Declarations" note that Section 6400 of the San Mateo County Zoning Regulations authorizes certain specified "accessory uses" in a residential district, and in 1989 the San Mateo County Planning Director adopted a policy that recognized that a bed and breakfast operation of five or fewer rooms was an authorized accessory use. Ordinance No. 4200 at 1. The Findings further note that plaintiff was advertising her proposed bed and breakfast as serving the "business and leisure traveler," and as indicating the availability of a "conference room," and the ability to host "small meetings" and "seminars." Id. at 2. The Ordinance recites that this advertising concerned the Board that the operation of plaintiff's bed and breakfast would not be consistent with the residential character of the neighborhood. Id.

In light of these findings, the Ordinance provides that the "providing of table board in a dwelling in which any room is rented at any time for a period of less than 30 consecutive

2

**United States District Court**
For the Northern District of California

days (commonly known as a bed and breakfast inn)" is a permitted incidental use of a dwelling in a residential area, provided the bed and breakfast complies with certain restrictions. For example, "[t]he maximum number of registered guests . . . on any given evening shall not exceed 1.5 times the number of guest rooms . . . " and the "maximum number of guest motor vehicles parked on site . . . shall be limited to the number of off street or driveway parking spaces provided." The Ordinance also provides:

> There shall be no hosting of meetings, conferences or social events, whether on a commercial or non-commercial basis, involving on-site participants who are not registered guests . . . . Similar events for registered guests shall be conducted indoors only between the hours of 8:00 a.m. and 6:00 p.m. Monday through Saturday.

A December 2003 memorandum to the Board of Supervisors from the San Mateo County Director of Environmental Services explains that the purpose of the "meetings and conferences" restriction is to "limit activities that go beyond the traditional purpose of bed and breakfast inns: overnight accommodations."

On December 23, 2003, plaintiff filed this Section 1983 action making eight claims challenging the adoption of the Ordinance on First Amendment and substantive due process grounds.

The next month the Board of Supervisors adopted a new ordinance to supercede the emergency ordinance. The new ordinance includes the same restrictions with a few exceptions. Notably, the restriction on meetings, conferences or social events expressly does not apply to persons who reside at the bed and breakfast as their residence: "These limitations do not apply to personal social events or meetings engaged in by person occupying the dwelling as a single family residence." Ordinance No. 4204 at 5.

Plaintiff subsequently amended her complaint. Her First Amended Complaint included a claim for relief alleging that the restriction on the hosting of meetings, conferences or social events was "void for vagueness," as well as a claim for equitable estoppel and declaratory relief, among other claims.

Defendants moved to dismiss the First Amended Complaint. By Memorandum and Order dated July 19, 2004, the Court granted defendants' motion in part. Thereafter the

3

United States District Court

For the Northern District of California

1  County passed a new ordinance which prohibits the operation of new bed and breakfasts in

2  non-coastal residential areas of San Mateo County, but exempted existing bed and breakfasts,

3  that is, plaintiff's bed and breakfast.  Ordinance No. 4225.  Plaintiff's bed and breakfast,

4  however, is still subject to Ordinance No. 4204, including the "meetings and conferences"

5  prohibitions.

6        Plaintiff subsequently filed a Second Amended Complaint ("SAC").  The SAC makes

7  two substantive claims: (1) a facial First Amendment challenge on the ground that the

8  restriction on the hosting of meetings, conferences, and social events is inherently vague, and

9  (2) a claim that defendant is barred by equitable estoppel from enforcing the bed and

10  breakfast restrictions against her.  Defendant moves for summary judgment on the remaining

11  claims.  Plaintiff cross-moves for summary judgment on the First Amendment claim.

<strong>Summary Judgment Standard</strong>

13        A principle purpose of the summary judgment procedure is to isolate and dispose of

14  factually unsupported claims.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  A

15  party moving for summary judgment that does not have the ultimate burden of persuasion at

16  trial (usually the defendant) has the initial burden of producing evidence negating an

17  essential element of the non-moving party's claims *or* showing that the non-moving party

18  does not have enough evidence of an essential element to carry its ultimate burden of

19  persuasion at trial.  See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102

20  (9th Cir. 2000).  Where the party moving for summary judgment would bear the burden of

21  proof at trial (usually the plaintiff), it has the initial burden of producing evidence which

22  would entitle it to a directed verdict if the evidence went uncontroverted at trial.  See C.A.R.

23  Transp. Brokerage Co., Inc. v. Darden, 213 F.3d 474, 480 (9th Cir. 2000).

24        If the moving party does not satisfy its initial burden, the non-moving party has no

25  obligation to produce anything and summary judgment must be denied.  If, on the other hand,

26  the moving party has satisfied its initial burden of production, then the non-moving party

27  may not rest upon mere allegations or denials of the adverse party's evidence, but instead

28  must produce admissible evidence that shows there is a genuine issue of material fact for

4

trial.  Nissan Fire & Marine Ins. Co., 210 F.3d at 1102.  A genuine issue of fact is one that could reasonably be resolved in favor of either party.  A dispute is "material" only if it could affect the outcome of the suit under the governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**Discussion**

**A.  First Amendment Claim**

Plaintiff contends that the Ordinance's restrictions on the hosting of "meetings, conferences, and social events" involving participants who are not registered guests of the bed and breakfast, and the time limitation on such events for registered guests, violate her First Amendment rights as well as those of her guests.  The parties cross-move for summary judgment on this facial "void for vagueness" claim.

"An ordinance is unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits or if it authorizes or even encourages arbitrary and discriminatory enforcement."  Gospel Missions of America, 419 F.3d 1042, 1047 (9th Cir. 2005) (internal quotation marks and citation omitted);  see also Nunez v. San Diego, 114 F.3d 935, 940 (9th Cir. 1997) ("To avoid unconstitutional vagueness, an ordinance must (1) define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited; and (2) establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory manner").  "The need for definiteness is greater when the ordinance imposes criminal penalties on individual behavior or implicates constitutionally protected rights than when it regulates economic behavior of business."  Nunez, 114 F.3d at 940.  This greater need for definiteness is present in this case because a violation of the Ordinance can result in criminal sanctions, namely, three months incarceration and/or a $300 per day fine.  "However, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.  As a result, uncertainty at a statute's margins will not warrant facial invalidation if its is clear what the statute proscribes in the vast majority of its intended applications."  Gospel Missions of America, 419 F.3d at 1047 (internal quotation marks and citation

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   omitted).  As the Ninth Circuit has cautioned, "[f]acial invalidation is, manifestly, strong

2   medicine that has been employed by the Court sparingly and only as a last resort."  Cal

3   Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1155 (9th Cir. 2001) (internal quotation

4   marks and citation omitted).

5        The Court previously denied defendant's motion to dismiss the First Amendment

6   claim.  Defendant argued that the Ordinance is not vague because any reasonable person

7   would understand what is prohibited by the statute.  It based its argument *solely* on the

8   dictionary definitions of the terms challenged by plaintiff; namely, "meetings,"

9   "conferences," and "social events."  The Court denied defendant's motion to dismiss,

10  reasoning that the dictionary definitions proffered by defendant are as vague as the terms

11  used in the Ordinance.  The Court explained:

12           For example, the Ordinance prohibits hosting any meetings, conferences or
             social events involving registered guests on Sundays. The Ordinance is vague
13           as to whether it therefore prohibits the bed and breakfast from serving breakfast
             in the dining room, an event which might qualify as a "social event" or
14           "meeting." As another example, the Ordinance also prohibits *any* outdoor
             meetings, conferences or social events.  Again, the Ordinance is vague as to
15           whether it would therefore prevent the establishment from serving wine and
             cheese outside in the afternoon.
16

17  July 19, 2004 Memorandum and Order at 6.  Accordingly, defendant had not met its burden

18  of proving that plaintiff's claim failed as a matter of law.

19       On its summary judgment motion defendant does not rely on dictionary definitions;

20  instead, it makes a different argument.  It contends that the terms "meetings," "conferences"

21  and "social events" as used in the Ordinance are sufficiently clear when viewed in the

22  context of the entire regulatory scheme, including the legislative purpose behind the

23  Ordinance.  See Gospel Missions of America, 419 F.3d at 1048 (holding that other provisions

24  of an ordinance may provide guidance on terms that appear vague);  City of Los Altos v.

25  Barnes, 3 Cal.App.4th 1193, 1202 (1992) (holding that in interpreting zoning ordinances,

26  courts should refer to, among other things, legislative history or purpose).

27       In Tobe v. City of Santa Ana, 9 Cal.4th 1069 (1995), for example, the plaintiffs

28  challenged an ordinance which prohibited camping and storage of personal property in public

6

**United States District Court**

For the Northern District of California

places.  The plaintiffs claimed that the terms "camp," "camp paraphernalia," and "store" in the ordinance were unconstitutionally vague.  Id. at 1106.  The appellate court agreed and the California Supreme Court reversed.  It concluded that the court of appeal had erred because it had "isolated particular terms rather than considering them in context."  Id.  The Court concluded that the terms at issue are not unconstitutionally vague "when the purpose clause of the ordinance is considered and the terms are read in that context as they should be."  Id.

The same reasoning applies here.  First, in order to put this discussion in context, the Court notes that since the ruling on the motion to dismiss, defendant has adopted Ordinance No. 4225 prohibiting all new bed and breakfasts in residential/non-coastal areas of San Mateo County; thus, the provisions plaintiff challenges apply only to plaintiff's bed and breakfast.

The Ordinance does not violate plaintiff's First Amendment rights when the restriction on meetings, conferences and social events is considered in light of the history and purpose of the statute.  The purpose of the statute is to prohibit the bed and breakfast from hosting conferences, meetings and social events that include persons that are not guests of the inn; in other words, it is to limit the bed and breakfast to providing room and table board, the traditional services of a bed and breakfast.  The Ordinance expressly states that these restrictions do not apply to the persons who reside at the bed and breakfast as their residence. There is nothing vague about this exception: if plaintiff lives at the bed and breakfast she can host and participate in events at her home just as anyone else in the neighborhood can do.

Plaintiff contends that she is precluded from inviting her family to her bed and breakfast.  The Court does not understand how plaintiff reads such a restriction into the Ordinance.  The Ordinance says that its meetings/conferences/social events restriction does not apply to persons who occupy the bed and breakfast as their residence.  As one cannot engage in a "meeting" or "social event" by oneself, the Ordinance must mean that plaintiff can host personal parties and family events.  Common sense dictates that no public official would read this Ordinance as prohibiting plaintiff from hosting her family at Christmas. //

7

United States District Court

For the Northern District of California

The Ordinance also does not violate the First Amendment rights of plaintiff's guests. The Court agrees with defendant that when the Ordinance is considered it context, it is not unconstitutionally vague as to whether it would prohibit registered guests from gathering for breakfast on Sunday, or from being served wine and cheese in the back yard.  Such events are part of the traditional services of a bed and breakfast.  Moreover, defendant states in its papers that such events are allowed.  As the Ordinance applies only to plaintiff, she cannot now claim to not know whether such events are permitted.

Plaintiff does not identify any situations (other than those identified by the Court in its ruling on the motion to dismiss and addressed in the paragraph above) in which there is possible vagueness as to what plaintiff's registered guests may do.  In any event, "speculation about possible vagueness in hypothetical situations not before [the Court] will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications."  Hill v. Colorado, 530 U.S. 703, 733 (2000) (internal quotation marks and citation omitted).

Plaintiff's primary argument is that the Ordinance does not specifically define the terms "social events," "conferences," and "meetings."  The law does not require a municipal ordinance to include definitions.  The question is whether those terms, as used in Ordinance 4202, are sufficiently clear that a person of ordinary intelligence would know what is prohibited.

The meaning of the Ordinance is sufficiently clear.  Plaintiff may not rent out her bed and breakfast for weddings, parties, meetings, or conferences if those events will involve participants who are not registered guests of the inn.  She may host weddings, conferences, meetings, and similar social events that are limited to registered guests, but such events must occur indoors and must be limited to certain times.  There are no restrictions on plaintiff's ability to provide traditional bed and breakfast services, such as providing meals to registered guests.  And there are no restrictions on plaintiff's ability to use her home for personal social events the same as any other homeowner in her neighborhood may do.

Accordingly, the Court must grant defendant summary judgment on plaintiff's First Amendment claim and her claim for declaratory relief (which seeks a judgment that the Ordinance violates the First Amendment), and deny plaintiff's cross-motion for summary judgment.

### CONCLUSION

Plaintiff does not contend that defendant cannot constitutionally limit her ability to host meetings, conferences or social events involving non-registered guests; nor does she contend that it cannot limit the time, place and manner in which she hosts such events for registered guests.  She also does not argue that her First Amendment claim turns on genuine disputes of fact.  Rather, her constitutional challenge is limited to whether one provision of Ordinance 4204, namely, the restriction on the hosting of meetings, conferences, and social events, is subject to a facial First Amendment challenge because it is too vague.

There is a "strong presumption that legislative enactments 'must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears." Walker v. Superior Court, 47 Cal.3d 112,143 (1988) (internal quotation marks and citation omitted).  As plaintiff has not demonstrated that the Ordinance is "clearly, positively, and unmistakenly" unconstitutional, defendant's motion for summary judgment on the First Amendment claims must be granted.

In the interests of comity, the Court  dismisses the remaining state law equitable estoppel claim without prejudice to plaintiff pursuing the claim in the state courts.

**IT IS SO ORDERED.**

Dated: December 16, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE